IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA §<br>FOR THE USE AND BENEFIT OF §<br>JOHN PAQUIN D/B/A ARMADILLO §<br>CONSTRUCTION, §<br>§<br>PLAINTIFF, §<br>§<br>INSURANCE COMPANY OF THE §<br>STATE OF PENNSYLVANIA, §<br>§<br>DEFENDANT. § | CIVIL ACTION NO. 15-CV-0081 |

**COUNTER-DEFENDANT JOHN PAQUIN D/B/A
ARMADILLO CONSTRUCTION'S ANSWER TO ICSP COUNTERCLAIM**

Plaintiff/Counter-Defendant John Paquin ("Paquin") files this Answer to Insurance Company of the State of Pennsylvania's Third Party Complain against Crider Americas Solar, LLC and DSCH Capital Partners d/b/a Far West Capital and Counterclaim against John Paquin d/b/a Armadillo Construction [Dkt.16] (the "Third Party Claim and Counterclaim").

**A.    Response to ICSP's Allegations in the Third Party Claim and Counterclaim**

1.    Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph no. 1 of the Third Party Claim and Counterclaim.

2.    Paquin admits the allegations contained in paragraph no. 2 of the Third Party Claim and Counterclaim.

3.    Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph no. 3 of the Third Party Claim and Counterclaim.

4.    Paquin admits the allegations contained in paragraph no. 4 of the Third Party Claim and Counterclaim.

COUNTER-DEFENDANT JOHN PAQUIN'S
ANSWER TO ICSP COUNTERCLAIM                                                    Page 1

5.      Paquin admits the allegations contained in paragraph no. 5 of the Third Party Claim and Counterclaim.

6.      Paquin admits the allegations contained in the first three sentences of paragraph no. 6 of the Third Party Claim and Counterclaim.  The remainder of that paragraph contains conclusions of law that do not require an admission or denial.

7.      Paquin admits the allegations contained in the first two sentences of paragraph no. 7 of the Third Party Claim and Counterclaim.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in that paragraph.

8.      Paquin admits the allegations contained in the first two sentences of paragraph no. 8 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in that paragraph.

9.      Paquin admits the allegations contained in the first sentence of paragraph no. 8 of the Third Party Claim and Counterclaim.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in that paragraph

10.      Paquin admits that the Blanket Subcontract Agreement contains provisions consistent with the descriptions contained in paragraph no. 10 of the Third Party Claim and Counterclaim.  The effect of such provisions constitutes a conclusion of law that does not require an admission or denial.

11.      Paquin admits the allegations contained in the first sentence of the Third Party Claim and Counterclaim paragraph no. 11.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

12.     Paquin admits that that Blanket Subcontract Agreement contains the provisions quoted in paragraph no. 12 of the Third Party Claim and Counterclaim. The effect of such provisions constitutes a conclusion of law that does not require an admission or denial.

13.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 13.

14.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 14.

15.     Paquin admits the allegations contained in the first sentence of paragraph no. 15 of the Third Party Claim and Counterclaim and that Crider objected to Paquin's statement of account. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

16.     Paquin admits that the Blanket Subcontract Agreement contains provisions consistent with the descriptions contained in paragraph no. 16 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

17.     Paquin admits that the Blanket Subcontract Agreement contains provisions consistent with the descriptions contained in paragraph no. 17 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

18.     Paquin denies that ICSP and Hypower are not liable to him for the services and labor that he provided as alleged in paragraph no. 18 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

19.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 19.

20.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 20.

21.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 21.

22.     Paquin admits that he and Crider entered into the subcontract dated November 1, 2013 referenced in paragraph no. 22 of the Third Party Claim and Counterclaim and the Crider/Paquin Subcontract contains the quoted provision and that one of Paquin's responsibilities was to provide the labor described in the Crider/Paquin Subcontract.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

23.     With regard to paragraph no. 23 in the Third Party Claim and Counterclaim, Paquin admits that before entering into a subcontract with Crider, he performed some superintendent duties for Crider.  Paquin also admits that as a subcontractor to Crider, he submitted a sworn statement of account and payment requests for services and materials provided for the project. Paquin denies the remaining allegations within that paragraph.

24.     Paquin admits the allegations contained in the Third Party Claim and Counterclaim paragraph no. 24.

25.     Paquin admits the allegations contained in the Third Party Claim and Counterclaim paragraph no. 25.

26.     Paquin admits that the referenced email contains provision consistent with the description contained in paragraph no. 26 of the Third Party Claim and Counterclaim.  Paquin is

without knowledge or information sufficient to form a belief about the truth of the remaining allegations in that paragraph.

27.     Paquin admits that the referenced letter contains provision consistent with the description contained in paragraph no. 27 of the Third Party Claim and Counterclaim.  Paquin also admits that Hypower did not issue any further payment to Paquin.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within that paragraph.

28.     Paquin admits the allegations contained in the Third Party Claim and Counterclaim paragraph no. 28.

29.     Paquin admits the allegations contained in the second sentence of paragraph no. 29 in the Third Party Claim and Counterclaim.  Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

30.     Paragraph 30 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

31.     Paragraph no. 31 contains a conclusion of law for which no admission or denial is required.  Alternatively, the allegations in that paragraph are denied.

32.     With regard to paragraph no. 32 of the Third Party Claim and Counterclaim, Paquin admits that as a subcontractor to Crider, he submitted a sworn statement of account and payment requests for services and materials provided for the project.  Paquin denies all other allegations contained within that paragraph.

33.     Paquin denies the allegations in paragraph 33 of the Third Party Claim and Counterclaim.

34.    Paquin denies the allegations in paragraph 34 of the Third Party Claim and Counterclaim.

35.    Paquin denies the allegations in paragraph 35 of the Third Party Claim and Counterclaim.

36.    Paquin denies the allegations in paragraph 36 of the Third Party Claim and Counterclaim.

37.    Paquin denies the allegations in paragraph 37 of the Third Party Claim and Counterclaim.

38.    Paquin denies the allegations in paragraph 38 of the Third Party Claim and Counterclaim.

39.    Paquin denies the allegations in paragraph 39 of the Third Party Claim and Counterclaim.

40.    Paquin denies the allegations in paragraph 40 of the Third Party Claim and Counterclaim.

41.    Paquin denies the allegations in paragraph 41 of the Third Party Claim and Counterclaim.

42.    Paquin denies the allegations in paragraph 42 of the Third Party Claim and Counterclaim.

43.    Paquin denies the allegations in paragraph 43 of the Third Party Claim and Counterclaim.

44.    Paragraph 44 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

45.     Paragraph no. 45 contains a conclusion of law for which no admission or denial is required. Alternatively, the allegations in that paragraph are denied.

46.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 46.

47.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 47.

48.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 48.

49.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 49.

50.     Paragraph 50 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

51.     Paragraph no. 51 contains a conclusion of law for which no admission or denial is required. Alternatively, the allegations in that paragraph are denied.

52.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 52.

53.     Paquin admits the allegations contained in the Third Party Claim and Counterclaim paragraph no. 53.

54.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 54.

55.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 55.

56.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 56.

57.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 57.

58.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 58.

59.     Paragraph 59 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

60.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 60.

61.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 61.

62.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 62.

63.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 63.

64.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 64.

65.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 65.

66.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 66.

67. Paragraph 67 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

68. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 68.

69. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 69.

70. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 70.

71. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 71.

72. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 72.

73. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 73.

74. Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 74.

75. Paquin denies that Hypower has been forced to complete and correct Paquin's work as alleged in paragraph no. 75 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

76. Paragraph 76 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

77.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 77.

78.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 78.

79.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 79.

80.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 80.

81.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 81.

82.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 82.

83.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 83.

84.     Paquin is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the Third Party Claim and Counterclaim paragraph no. 84.

85.     Paquin admits that Hypower and ICSP are exposed to liability on the Miller Act Claim as alleged in paragraph no. 85 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

86.     Paragraph 86 merely incorporates other provisions of the Third Party Claim and Counterclaim and no admission or denial is required.

87.     Paquin denies that Hypower is entitled to an award of pre- and post-judgment interest against Paquin as alleged in paragraph no. 87 of the Third Party Claim and Counterclaim. Paquin is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph.

88.     Paquin denies the allegations contained in paragraph no. 88 of the Third Party Claim and Counterclaim.

89.     Paquin denies that ICSP is entitled to the relief sought against Paquin in ICSP's Prayer.

**B.     Specific Denials and Defenses**

90.     ICSP has failed to state a claim for which it can recover against Paquin. Without limitation, ICSP has failed to plead its fraud claims with the requisite particularity required under Rule 9(b).

91.     ICSP's tort claims are barred by the economic loss doctrine.

92.     ICSP is not entitled to setoff its alleged damages against Paquin's claims relating to services and materials that have been accepted by Hypower.

93.     Furthermore, and in the alternative, ICSP's claimed damages were caused in whole, or at least in part, by Hypower or another person for whom Paquin is not legally responsible. Paquin is entitled to a percentage reduction in liability for ICSP's and Hypower's alleged damages caused, if any, that were caused by Hypower, Crider, or any other person.

**C.     Prayer**

WHEREFORE PREMISES CONSIDERED, Plaintiff/Counter-Defendant John Paquin respectfully requests that he be granted judgment as requested in his Complaint, that ICSP take

nothing by its claims, and that Paquin be granted such other and further relief to which he shows himself to be justly entitled.

Respectfully submitted,

By:     /s/  Douglas Stinson
        Douglas M. Stinson
        LA Bar Roll No. 31978

**STINSON LAW FIRM**
P.O. Box 545
Benton, LA  71006
Telephone: (318) 965-5002
Facsimile: (318) 532-5023
Email: dstinsonlaw@gmail.com

*Counsel   for   Plaintiff,   John   Paquin,   d/b/a Armadillo Construction*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to CM/ECF participants by operation of the Court's electronic filing system.

/s/  Douglas Stinson
Douglas M. Stinson